IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BONNIE J. VOSBURG, | § | |
| JADEN J. DIACHYSN, | § | |
|     Petitioners, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-300-O |
| | § | |
| JASON BERGER, | § | |
| JACQUELINE BERGER, | § | |
|     Respondents. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioners, Bonnie J. Vosburgh and Jaden J. Diachysn, against Jason Berger and Jacqueline Berger, Respondents. After considering the pleadings and relief sought by Petitioners, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.[1]

**I. BACKGROUND**

Petitioner Bonnie J. Vosburgh is a federal prisoner currently confined in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell). She is serving a 60-month term of imprisonment for her 2013 conviction in the Middle District of Pennsylvania for conspiracy to distribute and possess with intent to distribute crack cocaine. J., United States v. Vosburgh, No. 3:13-cr-00003-EMK-1, ECF No. 70. Petitioner asserts that upon her incarceration she left her son Josiah with her mother who gave the child to the Bergers to care for and that the Bergers are now trying to adopt the child in Schuylkill County, Pennsylvania. Pet. 1, ECF No. 1. Petitioner claims she fears for the well-being of the Josiah because he has sustained a broken leg in the Bergers'

---

[1] Petitioners did not pay the $5.00 filing fee, however because the Court lacks jurisdiction over this habeas action, no order of deficiency is entered.

custody. By this action, Petitioner requests "the court show the list of authorities upon which [Respondents] are relying on to challenge [her] parental rights for the custody of [her] son Josiah Vosburgh, when [she'll] be home in less then [sic] a year." Pet. 2, ECF No. 1.

## II. DISCUSSION

Josiah is not "in custody" for purposes of federal habeas relief under 28 U.S.C. § 2241. *Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502, 510-11 (1982). In fact, federal habeas has never been available to challenge parental rights or child custody, including involuntary termination of parental rights. *Id.* at 511. Because the issue concerning Josiah's custody is beyond the purview of federal habeas corpus, this Court lacks subject matter jurisdiction to consider the petition.

## III. CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **5th** day of **May, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**